**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**J. Lawrence McBRIDE et al., Defendants.**

**Civ. No. 1832.**

United States District Court M. D. Tennessee, Nashville Division.

Aug. 10, 1956.

David Ferber and Marvin Greene, Sp. Attys., Securities and Exchange Commission, Washington, D. C., for plaintiff.

M. S. Ross, Nashville, Tenn., for defendant Gertrude S. Baxter.

J. F. Doty, Nashville, Tenn., for defendant Ellis H. Moore.

DAVIES, Chief Judge.

The above entitled action was heard before the Court on May 4, 1956, and subsequent days. The cause was submitted upon the pleadings, exhibits, evidence, and argument of counsel for plaintiff and defendants, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

Findings of Fact

1. From January 19, 1951, through August 8, 1955, a summary of the books kept by the defendant Gertrude S. Baxter shows the sale of 168 fractional undivided interests in oil, gas and other mineral rights in certain real property located in Jefferson County, Texas. Said sales were made to 155 persons in exchange for various sums totaling $129,-000 and other considerations.

2. Said fractional undivided interests were essentially the same, although they took different forms: some purported to be quitclaim deeds of fractional undivided interests in said oil, gas and other mineral rights subject to a pending law suit to establish title in the grantors;

others purported to be contracts for, or assignments of, fractional percentages of the proceeds of said law suit.

3. Defendant Gertrude S. Baxter and her husband purchased what purported to be 5 percent of said fractional undivided oil, gas and mineral rights from defendant J. Lawrence McBride for the stated sum of $4,000. Said sum variously represented cash previously advanced, board and groceries. Between May, 1953, and August, 1955, from said 5 percent, defendant Gertrude S. Baxter sold 24 fractional undivided interests to 23 persons for the sum of $14,500.

4. Defendant Gertrude S. Baxter acted as a clearing house for both sellers and purchasers of a large number of said interests. Most purchasers of those interests were interviewed by said defendant before their said purchases. There was no active solicitation of prospective purchasers.

5. Defendant Gertrude S. Baxter mailed, from Nashville, Tennessee, a contract for a fractional undivided interest as heretofore described to Ray Mitchell Allen in Salem, Indiana.

6. Mrs. Olga Christian mailed a cashier's check for $500 from Detroit, Michigan, to H. R. Potter in Nashville, Tennessee. Said Potter turned over either the check or its proceeds to said defendant Gertrude S. Baxter. In exchange for said sum, said defendant mailed from Nashville, Tennessee, a letter and duplicate copies of a contract for a fractional undivided interest as heretofore described to Mrs. Christian in Detroit. In accordance with instructions contained in said letter, Mrs. Christian signed one copy of the contract and mailed it to said defendant at Beaumont, Texas.

7. Defendant Gertrude S. Baxter mailed an assignment of a fractional undivided interest as heretofore described from Nashville, Tennessee, to J. D. Coffman at Pulaski, Tennessee.

8. Defendant Gertrude S. Baxter mailed from Nashville, Tennessee, three documents purporting to convey fractional undivided interests as heretofore described to Daniel F. Holland at Washington, D. C.

9. Defendant Gertrude S. Baxter wrote numerous letters to defendant A. P. Roberts, Jr., informing him of the progress of the sales she was making of said fractional undivided interests and at various times enclosed deeds and/or contracts to be signed by said defendant Roberts.

10. No registration statement was ever filed with the Securities and Exchange Commission with respect to said fractional undivided interests.

### Conclusions of Law

1. All of said fractional undivided interests as set forth in said findings of fact were securities within the meaning of Section 2(1) of the Securities Act of 1933, 15 U.S.C.A. § 77b(1).

2. Defendant Gertrude S. Baxter made use of the U. S. mails to sell said securities. Said defendant caused to be carried through the mails securities for the purpose of sale and for delivery after sale.

3. Defendant Gertrude S. Baxter acted variously in the sale of said securities in the capacity of issuer, underwriter and dealer as said terms are defined in Sections 2(4), 2(11) and 2(12) respectively of the Securities Act of 1933.

4. There was a public offering of said securities within the meaning of Section 4(1) of the Securities Act of 1933, 15 U.S.C.A. § 77d(1).

5. Plaintiff is entitled to have an injunction issue against said defendant Baxter as prayed for.

Judgment will be entered accordingly.